UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x     21-cv-02142 (JMA)(ARL)

Gursimran Kaur, individually and on behalf of all
others similarly situated,

                            Plaintiff,

                       v.

The Nathanson Law Firm, LLP and Mitchell
Nathanson,

                           Defendant.

-------------------------------------------------------------------x

## JOINT MOTION FOR AN ORDER CONDITIONALLY CERTIFYING CLASS AND GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AGREEMENT

PLEASE TAKE NOTICE THAT upon this Notice of Motion and Motion, Gursimran Kaur ("Plaintiff") and Defendants The Nathanson Law Firm, LLP ("NLF") and Mitchell A. Nathanson ("MAN")(by and through their undersigned counsel, will move this Court, on a date and time to be determined by the Court for an Order certifying this case to proceed as a class action and granting preliminary approval of the Parties' class settlement agreement. Defendants do not oppose this request. Plaintiff will move this Court pursuant to Fed R. Civ. P. 34, for an Order certifying this case to proceed as a class action, and ranting preliminary approval of the settlement, on behalf of the following class:

> All persons to whim NLF sent a collection letter, to any address, in the form attached as Exhibit 1 to the Plaintiff's Amended Complaint for the period covering April 21, 2020 to June 1, 2021.

In support of this motion, the Parties assert as follows:

1. The Plaintiff filed this class action lawsuit pursuant to the Fair Debt Collection Practices

Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), which alleges that NLF and MAN violated the FDCPA by sending consumers written collection communications that were false, misleading and deceptive. The Defendants dispute these claims.

2. All of the requirements of Fed. R. Civ. P. 23 have been met.

3. NLF and MAN have acknowledged that there are approximately 150 persons who meet the class definition, which is set forth above and alleged in the Plaintiff's Amended Complaint.

4. There are questions of law and fact common to the Settlement Class, which common issues predominate over any issues affecting only individual class members. The factual issue common to Plaintiff and the Settlement Class is that NLF and MAN sent a standardized, computer-generated collection letter in any attempt to collect a debt, which contains false, misleading and deceptive statements. The common legal issues are whether this standard form collection letter violates the FDCPA.

5. There are no individual issues other than identifying the individual class members, which is a ministerial task that NLF has already accomplished through a review of its business records.

6. Plaintiff's claims are typical of those of the class members, All are based upon the same facts and the same legal theories.

7. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained Counsel experienced in handling actions involving unlawful practices under various consumer protection statutes such as the FDCPA, class actions, and other complex litigation. Moreover, neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

8. Pursuant to Fed. R. Civ. P. 23(b)(3) a class action is a superior method for the fair and efficient adjudication of this controversy in that:

    (a) Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute. 15 U.S.C. § 1692k(a)(2)(B) and § 1692k(b)(2).

    (b) Most class members are unaware of their rights and have no knowledge that their rights are being alleged violated by the NLF collection letter.

    (c) The interest of class members to individually control the litigation is small because the maximum statutory damages in an individual action are limited to maximum recovery of up to $1,000.00.

    (d) Management of this class action is likely to present significantly fewer difficulties than those presented in many class claims.

9. Accordingly, the Plaintiff requests certification of a class action and preliminary approval of her class settlement agreement pursuant to Fed. R. Civ. P. 23(b)(3) and the Defendants do not oppose the Plaintiff's request. The grounds supporting class certification and preliminary approval are further explained and supported by the accompanying Memorandum of Law, the Declaration of David Barshay, the documents and pleadings on file with the Court, and any oral argument that the Court may entertain by counsel for the Parties with respect to this motion.

DATED: October 18, 2021
         Melville, New York

                _/ s / David M. Barshay_
                David M. Barshay, Esq.
                Barshay, Rizzo & Lopez, PLLC
                445 Broadhollow Road
                Suite CL 18
                Melville, New York  11747
                PHONE: (631) 210-7272
                FAX: (516) 706-5055
                Email: dbarshay@brlfirm.com

DATED: October 18, 2021
        New York, New York

                */ s / Robert L. Arleo*
                Robert L. Arleo, Esq.
                Robert L. Arleo, Esq. P.C.
                1345 Avenue of the Americas
                33rd Floor
                New York, NY 10105
                PHONE: (212) 551-1115
                FAX: (518) 751-1801
                Email: robertarleo@gmail.com